LOUIS ZEMEL, PLAINTIFF-APPELLANT, v. COMMERCIAL WAREHOUSES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 2, 1944—Decided July 1, 1944.

Before Justices PARKER, HEHER and COLIE.

For the appellant, *Louis Zemel* (*Louis J. Miller,* of counsel).

For the respondent, *A. Leon Kohlreiter* (*Archibald Krei-ger,* of counsel).

The opinion of the court was delivered by

COLIE, J. In July, 1942, appellant, Zemel, delivered to respondent, Commercial Warehouses, Inc., forty-four drums

of denatured alcohol, each containing fifty-four gallons. On January 27th, 1943, the appellant tendered to respondent the storage charges and demanded delivery of the forty-four drums. Thirty-eight drums only were redelivered to him, whereupon he instituted suit to recover damages for conversion of the six drums containing 324 gallons of alcohol. There is no dispute as to the facts; the sole ground of appeal being that the court erred in assessing the amount of the damages to which the appellant was entitled. On January 27th, 1943, the Office of Price Administration had fixed a *wholesale* ceiling price on the converted commodity at 87 cents a gallon, and had fixed a *retail* ceiling price at $1.40 a gallon. There was evidence that wholesalers were on a quota basis; that the appellant, Zemel, had tried to buy alcohol in the wholesale market but failed. It follows from the fact that there was no denatured alcohol to be had in the wholesale market, that if the appellant wished to replace the alcohol that had been converted, he could do so only in the retail market, in which the ceiling price had been fixed at $1.40 a gallon. The court below assessed the damages against the defendant on the basis of 87 cents a gallon for the 324 gallons that were converted, with a credit thereon of $44, being the amount due and unpaid for storage.

We conclude that the learned judge erred in this respect. The appellant was in the retail business and we think it is a fair assumption that on the date of the conversion the alcohol had a value to him of $1.40 a gallon and that judgment should have been entered for an amount which would compensate appellant for the sales that he lost at that price. *Ward* v. *Huff*, 94 *N. J. L.* 81. To do otherwise would be to penalize the appellant retailer for the wrongful conversion of his goods by the respondent warehouse company.

The judgment under appeal is reversed, and the cause remanded to the District Court with instructions to enter judgment in accordance herewith.